UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SHARP,

    *Plaintiff.*

    v.

DEPARTMENT OF VETERAN AFFAIRS,
BOARD OF APPEALS,

    *Defendant.*

Nos. 24-cv-01345 (DLF)
24-cv-01144 (DLF)

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Department of Veteran Affairs, Board of Appeals' ("Board") Motion to Dismiss this consolidated action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 6. For the reasons that follow, the Court will grant the Board's motion and dismiss this case for lack of jurisdiction under Rule 12(b)(1).

**I.    BACKGROUND**

On August 21, 2023, Mr. Sharp, a prisoner proceeding pro se, filed suit against the American Legion and James E. Jackson in D.C. Superior Court for legal malpractice arising out of their representation of Mr. Sharp in administrative proceedings before the Board of Veterans' Appeals. *See* Compl., at 1, 5, *Sharp v. American Legion*, 2023-CAB-005322 (D.C. Super. Ct. Aug. 21, 2023). On December 21, 2023, Sharp filed a subpoena with the Superior Court asking the Board to produce various documents by February 2, 2024. *See* Subpoena, *American Legion*, 2023-CAB-00532 (D.C. Super. Ct. Dec. 21, 2023). Thereafter, on March 25, 2024, Sharp amended his complaint, naming the Board as a defendant and seeking $20,000 for the Board's alleged failure to comply with the subpoena, as well as $500 for each day the Board remains in

non-compliance. *See* Am. Compl. at 1, *American Legion*, 2023-CAB-00532 (D.C. Super. Ct. Mar. 25, 2024).

Subsequently, Sharp brought two separate actions against the Board in D.C. Superior Court, both seeking damages for the Board's non-compliance with the subpoena in 2023-CAB-00532. The first action sought $20,000 plus $500 for each day that the Board continued to be non-compliant with the subpoena. *See Sharp v. Dep't of Veteran Affs., Bd. of Appeals*, No. 24-cv-1144 (D.D.C.), Compl., Dkt. 1-1. The second sought $8,500 for the Board's failure to comply with the subpoena. *See Sharp v. Dep't of Veteran Affs., Bd. of Appeals*, No. 24-cv-1345 (D.D.C), Compl., Dkt. 1-1. Sharp marked the first action as an administrative proceeding petition, *see* No. 24-cv-1144, Compl. at 3, and the second action as a tort suit for negligence, *see* No. 24-cv-1345, Compl. at 6.

The Board properly removed the complaints pursuant to 28 U.S.C. § 1442(a)(1).[1] *See* No. 24-cv-1144, Notice of Removal, Dkt. 1; No. 24-cv-1345, Notice of Removal, Dkt. 1. The Board then moved to consolidate the two actions. *See* No. 24-cv-1144, Mot. to Consolidate, Dkt. 5; No. 24-cv-1345, Mot. to Consolidate, Dkt. 4. The Court granted the latter motion and consolidated the two complaints into the instant matter. *See* Minute Order of June 18, 2024.

The defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 6.

---

[1] 28 U.S.C. § 1442(a)(1) permits removal of a civil action commenced in a State court against an agency of the United States relating to "any act under color of such office." § 1442(a)(1). "An act under color of such office requires removal to be predicated on the allegation of a colorable federal defense." *In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008). Because the Board raises sovereign immunity as a defense, that standard is met here. *See id.*; Mot. to Dismiss at 5.

2

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[s]overeign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), claims barred by the United States' sovereign immunity are "subject to dismissal under Rule 12(b)(1)," *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013). When reviewing a motion to dismiss for lack of jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted). At the same time, plaintiffs bear the burden of establishing subject-matter jurisdiction, *see Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015), and courts must raise obstacles to their jurisdiction sua sponte, *see Fort Bend Cty. v. Davis*, 587 U.S. 541, 548 (2019). "[W]hile complaints filed by *pro se* litigants are held to a less stringent standard than those applied to formal pleadings drafted by lawyers, even a *pro se* plaintiff bears the burden of establishing that the Court has subject matter jurisdiction." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010) (cleaned up).

## III.  ANALYSIS

As an initial matter, it is difficult to discern the cause of action underlying Sharp's suit. Sharp marked his complaint as a suit for negligence, *see* Compl. at 6, and the Board interpreted the claim as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *see* Mot. to Dismiss at 5. In his opposition and sur-reply, however, Sharp insists that he does not raise a negligence claim. *See* Opp'n, Dkt. 8, at 4; Sur-Reply, Dkt. 10, at 2. Rather, he claims the Board is in contempt of court due to its failure to comply with the subpoena, rendering him entitled to damages. *See* Compl., Dkt. 1-1, at 1; Opp'n at 4–5. The Court will liberally construe Sharp's

complaint and consider both possibilities. *See Dougherty v. United States*, 156 F. Supp. 3d 222, 230 (D.D.C. 2016) ("It is well established that the pleadings of pro se parties are to be 'liberally construed.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Construing the complaint as a negligence action under the FTCA, there are several jurisdictional defects. First, while the FTCA waives the United States' immunity for certain tort claims, 28 U.S.C. § 1346(b)(1), it does not waive sovereign immunity for suits against specific agencies, *see Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016). Because Sharp names the Board, rather than the United States, as the defendant, he cannot establish a waiver of sovereign immunity under the FTCA. *See id.* But even if Sharp had named the United States as the defendant, the Court would still lack jurisdiction because an FTCA suit may not be brought in federal court until the claimant has exhausted his administrative remedies. *See Randhawa v. DHS*, No. 20-cv-3200-DLF, 2022 WL 823067, at *2 (D.D.C. Mar. 19, 2022) (citing *McNeil v. United States*, 508 U.S. 106, 107 (1993)). Sharp has made no effort to do so. *See* Opp'n at 5–6.

Moreover, even if these defects were cured, the Court would still lack jurisdiction. Under the derivative jurisdiction doctrine, "if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." *Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (cleaned up). While Congress has eliminated this doctrine for cases removed under 28 U.S.C. § 1441, *see id.* § 1441(f), it did not do so for cases removed under § 1442, *see Merkulov v. U.S. Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014). Accordingly, "district courts in this jurisdiction have consistently found that the derivative jurisdiction doctrine still applies to cases against federal agencies and officers . . . that are removed *solely* under § 1442(a)." *Biron v. George*, No. 21-3307-CKK, 2023 WL 1765175, at *3 & n.3 (D.D.C. Feb. 3, 2023) (collecting

cases). Because this case was removed under § 1442(a), the Court lacks jurisdiction if, prior to removal, the Superior Court lacked jurisdiction over the original claim. *See Merkulov*, 75 F. Supp. 3d at 129. And because the FTCA grants the United States district courts "exclusive jurisdiction" over civil actions brought against the United States for money damages, the D.C. Superior Court lacked jurisdiction over the plaintiff's claims. *See id.* at 130–31 (quoting 28 U.S.C. § 1346). "Consequently, even though this Court would normally have jurisdiction over the plaintiff's claim, following removal under Section 1442, this Court now lacks jurisdiction to hear the dispute." *Id.* at 131. Thus, construing Sharp's complaint as a negligence action under the FTCA, it must be dismissed under Rule 12(b)(1).

Similarly, construing the complaint as an attempt to enforce the subpoena through the contempt power, the Court still lacks jurisdiction. "A state subpoena commanding a federal agency to produce its records . . . violates federal sovereign immunity." *Collins*, 524 F.3d at 251. And "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." *Houston Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F. 3d 1208, 1212 (D.C. Cir. 1996); *see also Santini v. Herman*, 456 F. Supp. 2d 69, 72 (D.D.C. 2006) ("This Court is without jurisdiction to enforce a Superior Court subpoena against the federal government."). Because the Board's sovereign immunity deprives the Superior Court of jurisdiction to enforce a subpoena against it, this Court lacks jurisdiction.[2]

---

[2] The proper procedure for a state-court litigant seeking to compel a non-party federal agency to produce documents is to "request the documents from the federal agency pursuant to the agency's regulations . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant is to file a collateral action in federal court under the APA." *Houston Bus. J.*, 86 F.3d at 1212. In any event, neither a federal nor a state court has jurisdiction to enforce a state-court-issued subpoena against a federal agency. *See id.*

For these reasons, the Court will grant the Board's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Accordingly, it is

**ORDERED** that the defendant's Motion to Dismiss, Dkt. 6, is **GRANTED**.  It is further

**ORDERED** that this consolidated action is **DISMISSED** without prejudice.

**SO ORDERED.**

February 14, 2025

DABNEY L. FRIEDRICH
United States District Judge